UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE WENZEL, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEMICONDUCTOR MANUFACTURING INTERNATIONAL CORPORATION, ZIXUE ZHOU, HAIJUN ZHAO, and MONG SONG LIANG,<br><br>Defendants. | **Case No. CV 20-11219-GW-AFMx**<br><br>**ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: George H. Wu |
| BIN LI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEMICONDUCTOR MANUFACTURING INTERNATIONAL CORPORATION, ZIXUE ZHOU, HAIJUN ZHAO, and MONG SONG LIANG,<br><br>Defendants. | Case No. CV 21-0067-GW-AFMx<br><br>CLASS ACTION<br><br>JUDGE: George H. Wu |

1

Three individual investors – Edmond K L To ("Mr. To"), Deborah Verderame ("Ms. Verderame") and James Bradbury ("Mr. Bradbury") – each separately moved to consolidate two securities fraud lawsuits, to be appointed as lead plaintiff, and to have their counsel appointed as class counsel in these actions asserting violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated by the Securities and Exchange Commission. The two lawsuits are *Wenzel v. Semiconductor Manufacturing International Corporation, et al.*, No. 2:20-cv-11219-GW-(AFMx) ("*Wenzel*") and *Li v. Semiconductor Manufacturing International Corporation, et al.*, No. 2:21-cv-00067-GW-(AFMx) ("*Li*").[1] After the three individuals filed their motions, Ms. Verderame filed a non-opposition to the other two investors' motions, *see* Docket No. 27, and Mr. Bradbury filed a non-opposition to Mr. To's motion, *see* Docket No. 26. Defendant Semiconductor Manufacturing International Corporation ("SMIC") filed a response indicating that it supported the requests to consolidate *Wenzel* and *Li*, but took no position on the other actions requested by way of the motions. *See* Docket No. 25.

Under the Private Securities Litigation Reform Act, the Court is to appoint as lead plaintiff the person or persons who appear(s) to be the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). However, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," a

---

[1] The Court determined that the actions "[a]rise from the same or closely related transactions, happenings or events" when it accepted transfer of the *Li* action to its docket on January 7, 2021. *See Li*, Docket No. 8.

2

court is not to appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u- 4(a)(3)(B)(ii).

Consolidation under Fed. R. Civ. P. 42(a)(2) requires that the matters involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."); *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008); *Ghotra by Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1057 & n.5 (9th Cir. 1997). The facts and legal issues need not be identical. *See In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 293 (E.D.N.Y. 1998). All movants agree that *Wenzel* and *Li* – which the Court has already deemed related, *see* Footnote 1, *supra* – should be consolidated, SMIC agrees, and the Court concurs. Both *Wenzel* and *Li* involve class periods running from April 23 to September 26, 2020, both involve the same defendants, and both involve the same purported misrepresentations/omissions, with the alleged truth revealed in the same way and on the same dates. *See Wenzel* Complaint ¶¶ 1, 18-30; *Li* Complaint ¶¶ 1, 18-30. The cases therefore arise out of the same operative facts and both allege the same two claims for relief, covering violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated by the Securities and Exchange Commission. Because *Wenzel* and *Li* assert the same claims and clearly will involve common questions of law and fact, the Court will consolidate the two cases under Rule 42.

Once past the issue of consolidation, there is a rebuttable presumption that the person "most capable of adequately representing the interests of class members" is the person or group of persons who seeks such status, who has the largest

3

financial interest inthe relief sought, and who otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See Cavanaugh v. U.S. Dist. Ct. for N. Dist. of Cal. (In re Cavanaugh)*, 306 F.3d 726, 729, 732 & n.2 (9th Cir. 2002); 15 U.S.C. § 78u-4(a)(3)(B)(i), (iii)*; see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 707 (9th Cir. 2009).  A district court is to:

> compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he [or she] has provided in his [or her] pleadings and declarations, whether he [or she] satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy."

*Cavanaugh*, 306 F.3d at 730 (omitting internal footnote). "District courts 'have typically considered the 'Olsten-Lax' factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the classperiod; and (4) the approximate losses suffered.'" *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F.Supp.3d 1159, 1163 (C.D. Cal. 2015) (quoting *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, No. C-06-07307 RMW, 2007 WL 1129344, *3 (N.D. Cal. Apr. 16, 2007) (omitting internal quotation marks). The fourth factor is "most determinative." *Richardson*, 2007 WL 1129344, at *4; *see also Gerin v. Aegon USA, Inc.*, No. C 06-5407SBA, 2007 U.S. Dist. LEXIS 5284, at *8 (N.D. Cal. Jan. 10, 2007) ("[D]istrict courts typically equate 'largest financial interest' with the amount of potential recovery.").

Here, after Ms. Verderame and Mr. Bradbury filed their respective non-oppositions, Mr. To is the only individual who continues to seek lead-plaintiff status (though Ms. Verderame and Mr. Bradbury indicate a willingness to serve in that capacity should the Court decline to appoint Mr. To). Of the three movants, Mr. To – represented by the attorney who filed *Wenzel*, the first of the two suits – is *not* the

individual with the largest approximate loss suffered. He reports a loss of $49,058.37. *See* Docket No. 12-3. Mr. Bradbury – who reports a loss of $96,366, *see* Docket No. 20-1, and who is represented by the attorney who filed *Li*, the "copycat" action – has that distinction. However, given Mr. Bradbury's response to Mr. To's motion, Mr. To is the only applicant who remains actively seeking lead-plaintiff status. As such, at this stage the Court concludes that Mr. To has the largest approximate loss suffered of any applicant who has *not* filed an express non-opposition to the other motions seeking lead-plaintiff status, and thus has the largest financial interest.

      As noted, beyond the question of who has the largest financial interest, the Court must also examine the Rule 23 requirements. The typicality and adequacy elements of a Rule 23 showing are those aspects of the rule that are most determinative in a lead plaintiff analysis. *See Cavanaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements."); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004). The lead plaintiff applicant with the most at stake need only make a *prima facie* showing of typicality and adequacy. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) ("[B]oth the statutory structure and the legislative history suggest that the court's initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements need not be extensive."); *see also Cavanaugh*, 306 F.3d at 731 n.6. Others are then permitted to attempt to rebut those showings. No one has attempted to rebut Mr. To's showing in this regard.

      Mr. To's appears to have presented a *prima facie* case that his claim is typical because it appears that all claims in *Wenzel* and *Li* will arise from the same events,

and they all also appear to be based upon the same legal theory. *See Cendant*, 264 F.3d at 265; *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666-67 (C.D. Cal. 2005). He also appears to have at least a *prima facie* basis for a conclusion that he will satisfy an adequacy analysis, as – though he, unlike Mr. Bradbury, does not appear to have submitted his owndeclaration – he appears to be an experienced investor and has obviously demonstrated aninterest in and willingness to represent a class, and there is nothing to suggest that he has interests antagonistic to the class, that he suffers from any "unique defense," or that his selected counsel is incapable of or unqualified to prosecute this action. *See, e.g.*, *Tanne*, 226 F.R.D. at 667-68; *In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb) (identifying "unique defenses" as one basis for rebutting the lead-plaintiff presumption established under subsection 78u-4(a)(3)(B)(iii)(I)).

In line with all of the above analysis, the Court would appoint Mr. To as lead plaintiff. As to the question of lead counsel, the lead plaintiff, not the Court, has the power to select a lawyer for the class, *see Cavanaugh*, 306 F.3d at 732-33 & n.11,though, at the same time, "it cannot be contested" that a district court has the authority to reject the lead plaintiff's choice of lead counsel, *see Cohen*, 586 F.3d at 709. As there is nothing to suggest that Mr. To has selected inappropriate or grossly unqualified counselin The Rosen Law Firm, P.A., and as that firm is clearly experienced in both securities litigation and class actions, *see* Docket No. 12-4, the Court would also grant that portion of Mr. To's motion which seeks the appointment of The Rosen Law Firm, P.A. as lead counsel. *See Cohen*, 586 F.3d at 712 ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.").

**IT IS HEREBY ORDERED THAT:**

**CONSOLIDATION OF SECURITIES CLASS ACTIONS**

1.     The Securities Class Actions are consolidated for all purposes including, but not limited to, discovery, pretrial proceedings and trial proceedings pursuant to Fed. R. Civ. P. 42(a).

**MASTER DOCKET AND CAPTION**

2.     The docket in Case No. 2:20-cv-11219-GW-AFM shall constitute the Master Docket for this action.

3.     Every pleading filed in the consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| ------------------------------------------------ | |
| X | |
| In re Semiconductor Manufacturing International Corporation Securities Litigation | Master File No. 2:20-cv-11219-GW-AFM |
| | <u>CLASS ACTION</u> |
| ------------------------------------------------ | |
| X          This Document Relates To: | |

4.     The file in civil action no. 2:20-cv-11219-GW-AFM shall constitute a master file for every action in the consolidated action. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

5.     All Securities Class Actions subsequently filed in, or transferred to, this District shall be consolidated into this action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the date on which a copy of this Order is mailed to the party's counsel.

6.     This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, with good cause shown.

**APPOINTMENT OF LEAD PLAINTIFFS AND LEAD COUNSEL**

7.     Pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B), Movant is appointed as Lead Plaintiff of the class, as Movant has the largest financial interest in this litigation and otherwise satisfies the requirements of Fed. R. Civ. P. 23.

8.     Movant's choice of counsel is approved, and accordingly, The Rosen Law Firm, P.A. is appointed as Lead Counsel.

9.     Lead Counsel, after being appointed by the Court, shall manage the prosecution of this litigation. Lead Counsel is to avoid duplicative or unproductive activities and is hereby vested by the Court with the responsibilities that include, without limitation, the following: (1) to prepare all pleadings; (2) to direct and coordinate the briefing and arguing of motions in accordance with the schedules set by the orders and rules of this Court; (3) to initiate and direct discovery; (4) prepare the case for trial; and (5) to engage in settlement negotiations on behalf of Lead Plaintiffs and the Class.

SO ORDERED:

Dated  March 18, 2021

_____
HON. GEORGE H. WU,
United States District Judge