UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11219-GW-AFMx | Date | June 7, 2022 |
|---|---|---|---|
| Title | *Lee Wenzel v. Semiconductor Manufacturing International Corporation, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULING ON DEFENDANT SEMICONDUCTOR MANUFACTURING INTERNATIONAL CORPORATION'S MOTION TO DISMISS SECOND CONSOLIDATED AMENDED COMPLAINT [55]

Attached hereto is the Court's Tentative Ruling on Defendant's Motion to Dismiss [55] set for hearing on June 9, 2022 at 8:30 a.m.

:

Initials of Preparer    JG

<u>*In re Semiconductor Mfg. Int'l Corp. Sec. Litig.*</u>, Case No. 2:20-cv-11219-GW-(AFMx)
Tentative Ruling on Motion to Dismiss Second Consolidated Amended Complaint

On November 18, 2021, the Court granted, with leave to amend, a motion to dismiss the Consolidated Amended Complaint in this securities fraud action. *See* Docket No. 47. The Court explained that the appointed plaintiff, Edmond K. L. To ("Plaintiff") had not sufficiently-pled the required elements of misrepresentation/falsity (except in certain limited respects), scienter or loss causation. *See id.* at pgs. 11-19 of 19; *see also Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341-42 (2005); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liability Litig.*, 2 F.4th 1199, 1203 (9th Cir. 2021). The Court presumes the parties' familiarity with that order, the standards set forth therein relevant to Rule 12(b)(6) motions generally (including those where the allegations are subject to Rule 9(b) of the Federal Rules of Civil Procedure), and the elements – and related pleading requirements – for securities fraud claims more-specifically.

On January 7, 2022, Plaintiff filed a Second Consolidated Amended Complaint ("SCAC"). *See* Docket No. 54. On February 25, 2022, defendant Semiconductor Manufacturing International Corporation ("Defendant" or "SMIC") filed a motion to dismiss the SCAC. The analysis on this motion need not be lengthy.

With respect to loss causation, in its earlier dismissal order the Court explained why the two "truth-revelations" on September 6, 2020 and September 26, 2020 (the end of the class period) Plaintiff had previously alleged (and avers again, *see* SCAC ¶¶ 67, 69) were not sufficient to state that element. *See* Docket No. 47, at pgs. 18-19 of 19. The Court incorporates that analysis here. In terms of loss causation, in opposing the instant motion Plaintiff relies on his having added allegations regarding a report on December 3, 2020 and June 3, 2021. *See* Docket No. 56, at 24:10-17 (citing SCAC ¶¶ 73, 77). But the class period in this case ends on September 26, 2020. See SCAC ¶ 1. The question is how such statements or "revelations" – even if one assumes they did constitute revelations – can demonstrate loss causation for a class period ending months earlier? The Court concludes that it cannot, or at least that it has not under the circumstances here.

In arguing his point on this element, Plaintiff points to *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200 (9th Cir. 2016) as a case supporting loss causation from post-class period

1

disclosures, and argues that *Loos v. Immersion Corp.*, 762 F.3d 880, 890 (9th Cir. 2014), which Defendant relies upon, does not preclude such a theory of loss causation. Whether or not any relevant rule can fairly be drawn from *Loos* (considering that the plaintiff in that case had not alleged the "impact of these events on . . . stock price" in the complaint *and* had waived the argument by not making it below, *see* 762 F.3d at 890 & n.4), the Court agrees with Defendant that *Lloyd* does not allow Plaintiff to avoid the logical problem of relying on post-class period – indeed, *months* later – "disclosures" to prove loss causation. Thus, Plaintiff is left once again with only having alleged a revelation of "the mere 'risk' or 'potential' for fraud," insufficient for purposes of pleading loss causation. *Curry v. Yelp Inc.*, 875 F.3d 1219, 1225 (9th Cir. 2017) (omitting internal quotation marks) (quoting *Loos*, 762 F.3d at 889).

*Lloyd* involved a) the announcement of a *government* investigation, b) analyst reports at that time tying that investigation to statements the defendant had made about the defendant's largest borrower's ability to repay its loans, c) followed immediately by a sizable stock-price drop, and d) an announcement *by the defendant* a month later that it was charging off millions of dollars in loans. *See* 811 F.3d at 1204-05, 1210-11. Even if *Lloyd* stands for the proposition that post-price-drop revelations can, at least in certain instances, support a theory of loss causation in a securities fraud action, here there was no government investigation, nor analyst reports tying the drop in Defendant's ADR price to the *allegations* by the *outsider*, nor (*especially* considering the material that the Court may judicially-notice, *see* Footnote 1, *infra*) any confirmation by the government or Defendant that Defendant had, in fact, been engaging in the conduct alleged by the outsider. Quite-simply, this case is not *Lloyd*. *See also Huang v. Higgins*, 443 F.Supp.3d 1031, 1058-59 (N.D. Cal. 2020) (rejecting, for loss causation purposes, reliance on "Senate report on misfeasance in the opioid industry" because it was issued six months after end of class period and investigation which led to report "focused on the opioid industry as a whole, rather than Depomed in particular").

With this missing element, the Court has no need to consider or resolve the parties' arguments bearing upon whether or not Plaintiff successfully alleged a misrepresentation (or falsity), or scienter. However, in brief, the Court would conclude – if it was necessary to do so – that Plaintiff's scienter allegations are insufficient under the *Tellabs* analysis

because of the information Defendant has properly placed before the Court[1] demonstrating that, notwithstanding the allegations of the SOS International Report and the way in which Plaintiff interprets the government's actions since it was issued, the government continues to *grant* applications (over 91% of them, out of 206 total) for licenses for suppliers seeking to export components to Defendant, carving a gaping hole in Plaintiff's theory that the theory which he (and SOS International) has presented is more cogent and compelling than the opposing inference and nonculpable explanation that Defendant simply was *not* (or it has not been sufficiently-proven or -established that Defendant was) manufacturing products and providing services for military end-use or military end-users, contrary to Defendant's statements otherwise.

        The Court has already allowed Plaintiff an opportunity to amend. His efforts to do so have not resulted in a proper allegation of loss causation (or scienter). As a result, the Court is inclined to now dismiss this action with prejudice/without leave to amend.[2] *See, e.g.*, *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended.") (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996)); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) ("Leave to amend may . . . be denied for repeated failure to cure deficiencies by previous amendment.").

---

[1] As part of its motion to dismiss, Defendant requested that the Court take judicial notice of a printout of a document from the U.S. House Committee on Foreign Affairs' website listing export control licensing decisions for Defendant, and revealing that 188 out of 206 had been approved between November 9, 2020 and April 20, 2021. Plaintiff did not oppose Defendant's request for judicial notice. As such, the Court grants it. *See also, e.g.*, *Mont. Green Party v. Jacobsen*, 17 F.4th 919, 927 (9th Cir. 2021).

[2] According to SMIC, the individual defendants have not been served in this case. Plaintiff does not contend otherwise.